ALEXANDER WISNOWSKI, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF CARTERET ET AL., RESPONDENTS.

Submitted December 3, 1923—Decided March 12, 1924.

**Public Offices—Policeman—Dismissal for Violation of Rules— Validity of Rules Sustained—Fairness of Trial Sustained— Evidence Sufficient to Justify Action.**

On *certiorari*.

Before Justices TRENCHARD and CAMPBELL.

For the prosecutor, *Thomas Brown.*

For the respondents, *Emil Stremlau.*

PER CURIAM.

This writ of *certiorari* was allowed to review the proceedings of the mayor and council of the borough of Carteret (formerly borough of Roosevelt) in the trial of charges against the prosecutor, a member of the police force of said borough, and his conviction thereunder and dismissal from the department.

The charges preferred against the prosecutor were: Violation of rule 9 of the general rules of the police department of the borough of Carteret, as follows:

1. On March 29th, 1923, he failed to report for duty from eight P. M. to five A. M., being his hours for duty on that day.

2. On April 15th, 1923, he failed to report for duty from five P. M. to one A. M., being his hours for duty on that day.

3. On April 16th, 1923, he failed to report for duty from seven A. M. to five P. M., being his hours for duty on that day.

And that said prosecutor was not excused from duty on the aforesaid dates by the chief of police.

A trial under these charges was had on April 27th, 1923, of which prosecutor had written notice under date of April 21st, 1923, and appeared at the time and place fixed, admitted he had been served with a copy of the charges on April 21st, 1923; pleaded guilty to the charges of March 29th and April 15th, and contended that as to the charge of April 16th, 1923, he being sick, his wife went to police headquarters for the purpose of so reporting him.

He was found guilty on all three charges and by resolution of the borough council, adopted April 27th, 1923, he was dismissed from the police force.

The prosecutor assigns numerous reasons why these proceedings and the judgment of dismissal should be set aside; but in his brief confines himself to three, and these are all we will deal with.

*First*—The rules and regulations governing the police department of the borough of Carteret are invalid. The specific contention thereunder is that the rules and regulations must be prescribed by ordinance. We have no difficulty in so

holding; but the record sent up under this writ shows specific rules and regulations which appear to have been in existence in 1915. It is true that the ordinance sent up under the writ entitled "An ordinance to establish, equip and regulate a police department in the borough of Roosevelt, to adopt rules for its government and fix and enforce penalties for the violation of said rules," adopted April 19th, 1920, does not contain any rules and regulations; but it refers in sections 4 and 10 thereto and the language of such sections, particularly section 10, is sufficient to include any rules and regulations then in existence. The presumption is that the rules and regulations of 1915 were properly adopted and there is nothing before us to show anything to the contrary. Furthermore, the undisputed evidence is that prosecutor, at the time of his appointment, was furnished with a copy of such rules and regulations, and at the trial made no objection of any kind, either as to the existence of the rules or their adoption, and we think he should not be heard now, after admission of guilt, trial and conviction, to say that such rules and regulations were not valid enactments of the borough.

*Second*—The prosecutor was not afforded a fair trial under the Tenure of Office act. We find nothing substantial in this objection; but, on the contrary, feel that prosecutor was afforded and had a fair trial.

*Third*—The evidence affords no rational basis for the judgment against the prosecutor. Herein also we find nothing substantial; but also decidedly to the contrary, to find the evidence abundantly and overwhelmingly sufficient to justify the finding and judgment of dismissal.

The proceedings and judgment of dismissal will be affirmed, with costs.